IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORNELLUS C. JOHNSON, JR., #24987-077, Petitioner, | § § § § | |
| v. | § § | CIVIL NO. 3:16-CV-1603-D-BK (Criminal No. 3:93-CR-347-D-1) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, the section 2255 motion should be summarily **DISMISSED WITH PREJUDICE** as time barred.[1]

## I. BACKGROUND

Petitioner pled guilty to carjacking and, in 1994, was sentenced under the career offender provisions of the United States Sentencing Guidelines to 235 months' imprisonment. Crim. Doc. 21-1. He did not file a direct appeal. On June 14, 2016, Petitioner filed this section 2255 motion to vacate sentence, in which he seeks to extend to the residual clause of the career offender provisions of the Sentencing Guidelines (U.S.S.G. § 4B1.2) the holding of the Supreme Court in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015) – that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 2 at 4, 12. Because the Supreme Court recently held that the rule in *Johnson* does not apply to the Sentencing Guidelines, *Beckles v. United States,* ___ U.S. ___, 137 S. Ct. 886, 895 (2017), that argument is foreclosed; and the stay of this case, pending the seminal ruling in *Beckles*, has been lifted.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.[2] *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).

### A. Limitations

Petitioner's section 2255 motion is clearly untimely. More than 22 years elapsed between the date his conviction first became final in 1994 and when he filed the motion *sub judice*. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final when the applicable period for seeking direct review of a conviction has expired); FED. R. APP. P. 4(b)(1)(A) (setting out time to file a direct appeal). However, to the extent Petitioner relies on 28 U.S.C. § 2255(f)(3) and the holding in *Johnson* to overcome the one-year limitations period in section 2255(f)(1), that reliance is misplaced.

Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

[2] The 14-day statutory objection period will provide Petitioner an opportunity to respond.

review." And while the Supreme Court has found its holding in *Johnson* retroactively applicable to cases on collateral review, United States v. Welch, ___ U.S. ___, 136 S. Ct. 1257 (2016), *Johnson* has no bearing on Petitioner's case. Petitioner's sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather Petitioner was sentenced, as previously noted, under the career offender provisions of the Sentencing Guidelines, and the Supreme Court recently held that the rule in *Johnson* does not apply to the Sentencing Guidelines. *See Beckles*, ___ U.S. at ___, 137 S. Ct. at 895 (holding the Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment Due Process Clause).

Thus, section 2255(f)(3) has no application in this case.[3] Consequently, Petitioner's section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

**B. Equitable Tolling**

Petitioner posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Neither a prisoner's unfamiliarity with the law nor his *pro se* status

---

[3] Sections 2255(f)(2) and (4) are likewise inapplicable. Petitioner has not premised his claims on a government-created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *Id.* at 365.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** April 13, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE